**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4922

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY WAYNE SHELTON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (CR-04-110)

Submitted: August 21, 2006          Decided: August 30, 2006

Before WIDENER, WILLIAMS and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In this appeal, Randy Wayne Shelton challenges his drug and firearm convictions as well as his sentence. For the following reasons, we affirm.

On February 10, 2004, Officer F. Monroe Blevins applied to a county magistrate for a search warrant of Shelton's apartment. JA 16. The affidavit accompanying the warrant stated that a "confidential, reliable informant" had recently observed cocaine transactions in the apartment. JA 18A. The affidavit further stated that an unspecified controlled purchase at some point in the past established the informant's reliability. JA 18A. The magistrate found probable cause and issued the warrant. Police promptly executed a search of the apartment and discovered cocaine, firearms, and cash. JA 52.

Before trial, Shelton filed a motion to suppress the evidence uncovered in the search; he also requested a hearing under Franks v. Delaware, 438 U.S. 154 (1978). JA 12. The district court denied the motion and the request. JA 55. Shelton then pleaded guilty to one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and one count of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000). JA 61.

At sentencing, the district court determined that Shelton was subject to the 15-year mandatory minimum imposed by the Armed

Career Criminal Act (ACCA) for felons-in-possession with "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1) (2000). Accordingly, the court sentenced Shelton to 15 years imprisonment. JA 102. Shelton noted a timely appeal.

Shelton argues first that the district court improperly denied his request for a <u>Franks</u> hearing and his motion to suppress. We do not believe that Shelton has at any point made the "'substantial preliminary showing'" necessary to justify a <u>Franks</u> hearing. <u>See</u> <u>United States v. Shorter</u>, 328 F.3d 167, 170 (4th Cir. 2003) (quoting <u>Franks</u>, 438 U.S. at 155). Nor do we believe that the affidavit accompanying the warrant failed to establish probable cause. The affidavit relied upon a tip from a confidential informant who had reliably cooperated with police in the past. Such a tip is sufficient to meet the Fourth Amendment's requirements. <u>See</u> <u>United States v. Bynum</u>, 293 F.3d 192, 197 (4th Cir. 2002) ("[T]he officer relied not on an unknown informant but one whom he knew and who had provided reliable information in the past that the law enforcement officers had 'verified.'"); <u>United States v. Wright</u>, 145 F.3d 972, 975 (8th Cir. 1998) (finding affidavit sufficient when it stated that "the [confidential informant] has proven his/her reliability in the past by making controlled purchase[s] of crack cocaine under the direct supervision of affiant officers").

Shelton next challenges his 15-year sentence.  Constrained as we are by Supreme Court and circuit precedent, we reject his constitutional challenge to the ACCA.  See Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Thompson, 421 F.3d 278, 286 (4th Cir. 2005).  We also do not find persuasive his argument that the district court improperly applied the ACCA.  Shelton argues that one of his previous convictions should not have been classified as a "generic burglary," as required to invoke the statute.  See Taylor v. United States, 495 U.S. 575, 599 (1990).  The Supreme Court requires us to adopt a "categorical approach" to determine whether a prior conviction is a generic burglary.  Id. at 602.  Instead of "delving into particular facts disclosed by the record of conviction," our inquiry is generally "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Shepard v. United States, 544 U.S. 13, 16, 17 (2005).  In this case, we must determine whether these sources show that Shelton's "earlier guilty plea [in state court] necessarily admitted, and supported a conviction for, generic burglary."  Id. at 16.

Shelton argues that a 1991 prior state conviction for burglary should not have been construed as a predicate offense for purposes of the ACCA because the statute under which Shelton was convicted, Va. Code Ann. § 18.2-91, encompasses unlawful entry into areas that

are not "building[s] or structure[s]." <u>Taylor</u>, 495 U.S. at 599. However, the relevant indictment charged Shelton with breaking and entering "the business of All American Car Wash." JA 154. We believe the reference to "the business" necessarily ensures that Shelton sought to enter "a building or structure." Thus, we believe that the indictment establishes that Shelton's prior conviction was for a generic burglary.

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.