**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BILLY LEE LISENBY, JR.,
     *Plaintiff-Appellee,*

v.

KENNETH LEAR, Sergeant; RANDALL
LEAR, Chief of Police; JEFF D.
OUTLAW, PFC,
     *Defendants-Appellants.*

No. 10-6462

JOHN J. KORZEN,
 *Court-Assigned Amicus Counsel*
   *Supporting Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
David C. Norton, Chief District Judge.
(8:09-cv-00410-DCN)

Argued: January 27, 2012

Decided: March 16, 2012

Before TRAXLER, Chief Judge, and WILKINSON and
WYNN, Circuit Judges.

Reversed by published opinion. Judge Wynn wrote the opinion, in which Chief Judge Traxler and Judge Wilkinson concurred.

## COUNSEL

**ARGUED:** Andrew Lindemann, DAVIDSON & LINDE-MANN, PA, Columbia, South Carolina, for Appellants. Hannah E. Davis, WAKE FOREST UNIVERSITY, Winston-Salem, North Carolina, for Amicus Supporting Appellee. **ON BRIEF:** Daniel C. Plyler, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina, for Appellants. John J. Korzen, Director, Leslie Cockrell, Third-Year Law Student, WAKE FOREST UNIVERSITY, School of Law, Appellate Advocacy Clinic, Winston-Salem, North Carolina, for Amicus Supporting Appellee.

## OPINION

WYNN, Circuit Judge:

Following Defendants' removal to federal district court of an action filed against them in state court by Plaintiff, the district court remanded the case to state court, in part based on Plaintiff's status as a "three-strikes" prisoner due to his frequent legal filings. Because we find that the district court lacked a statutory or legal basis to remand Plaintiff's action to state court, we reverse the order below and reinstate Plaintiff's complaint for further proceedings.

I.

On December 22, 2008, Plaintiff Billy Lisenby, Jr., an inmate in the Ridgeland Correctional Institution in South Carolina, filed a complaint in state court against Defendants, members of the Town of Chesterfield Police Department. Plaintiff contended that Defendants had engaged in a campaign of harassment against him and asserted several claims against them, including violations of his federal constitutional rights.[1] At the same time he filed his complaint, Plaintiff also filed a motion to proceed *in forma pauperis*.

---

[1]The facts underlying Plaintiff's complaint are largely irrelevant to the issue before this Court on appeal, but the allegations indicate that Plaintiff

Based on the federal claims and pursuant to 28 U.S.C. §§ 1331 and 1441, Defendants removed the action to federal district court in South Carolina and paid the required filing fee in full. Shortly thereafter, on March 17, 2009, a magistrate judge issued a report in which she *sua sponte* raised the issue of remand and ultimately recommended remanding the action to state court. After considering Defendants' objections, the district court entered an order on February 26, 2010 that adopted the magistrate's recommendations and remanded the matter to state court. Plaintiff did not object either to the removal of the action to federal court, or to its remand to state court.

In the district court's order and opinion adopting the magistrate's report and recommendation, the analysis supporting remanding this case to state court was as follows: (1) based on prior claims filed and dismissed as frivolous in federal court, Plaintiff qualified as a "three-strikes" prisoner under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915; (2) section 1915(g) of the PLRA provides that a three-strikes prisoner "may not bring a civil action" in federal court while proceeding *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury," resulting in a requirement that the prisoner must pay the full filing fee prior to commencing a suit; (3) as such, because Plaintiff did not pay the filing fee, Plaintiff's current cause of action was barred in federal court.

The district court further found that dismissal of Plaintiff's complaint would not be appropriate, as it would allow Defendants to end potentially meritorious litigation through a procedural maneuver. Moreover, because the district court believed allowing Plaintiff to remain in federal court would frustrate the legislative purpose of the PLRA, it concluded that remand

and Defendants have had an ongoing feud for several years.

to state court was the most suitable course of action. Defendants timely appealed.

## II.

Defendants present a single issue for this Court's review: whether the district court erred by remanding Plaintiff's action to state court, thereby denying Defendants their right to remove to federal court a complaint that included federal claims.

## A.

At the outset, Defendants must overcome the rule that an appellate court generally lacks jurisdiction to review an order remanding a case to state court. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."). We have previously noted that "[t]his limitation on review applies even if the remand order is 'manifestly, inarguably erroneous.'" *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 582 (4th Cir. 2006) (quoting *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442, 1450 (4th Cir. 1996) (Phillips, J., specially concurring and delivering the opinion of the Court on the issue of subject matter jurisdiction) (citation omitted)).

Nevertheless, this Court has also recognized three exceptions to the general rule stated in section 1447(d) and described situations in which review is permissible: (1) when the remand order is not based on 28 U.S.C. § 1447(c), which requires remand when the district court determines it lacks subject matter jurisdiction; (2) when the review is of a collateral decision that is severable from the remand order; or (3) when the remand order exceeds the scope of the district court's authority. *Id.* at 583 (citations omitted).

The first and third exceptions are at issue in this case. Defendants argue that because their notice of removal was

timely and properly filed, the district court had subject matter jurisdiction over the case. Moreover, Defendants assert that the order remanding the action to state court exceeded the authority of the district court, as Plaintiff's complaint on its face raised federal claims, and there was no statutory or legal basis for the removal but instead only the district court's own belief that it was "justifiable." *See id.* at 591 ("A district court exceeds its statutory authority when it remands a case 'on grounds that seem justifiable to the court but which are not recognized by the controlling statute.'" (quoting and citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976))). We agree.

A review of the order itself, as well as the underlying report and recommendation from the magistrate, undermines Plaintiff's position that the district court's order should be "colorably characterized" as based on subject matter jurisdiction. The district court never mentions subject matter jurisdiction or any procedural defect in the removal process. Rather, the district court's analysis reflects an attempt to craft a solution that would be "fair" to the parties while addressing the "thorny issue" presented by this situation and seemingly closing a perceived loophole in the PLRA. J.A. 78.[2]

The district court thoroughly considered several different possible outcomes, including allowing the case to proceed in federal court, dismissing the case altogether, and remanding to state court. Ultimately, the district court agreed with the magistrate that the only way to ensure that Plaintiff did not "circumvent Congressional intent, as expressed in Section 1915(g), to reduce the number of meritless prisoner filings so that meritorious filings may be heard in an expeditious manner," would be to remand to state court. J.A. 30. Nothing in the plain language or reasoning of the order suggests that the district court believed it lacked subject matter jurisdiction to consider the case, or that there was otherwise some procedural

---

[2]Citations to the joint appendix are abbreviated as "J.A."

defect in the removal process. *See Blackwater*, 460 F.3d at 584 (noting that an appellate court should consider "the substantive reasoning behind the order to determine whether it was issued based upon the district court's perception that it lacked subject matter jurisdiction").

Plaintiff's complaint includes federal claims; as such, on the face of the complaint and pursuant to 28 U.S.C. §§ 1331 and 1441, the district court was vested with subject matter jurisdiction to consider the case. Further, the district court lacked a legal or statutory basis to remand the action to state court. *See Thermtron*, 423 U.S. at 351 ("[W]e are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute."). Accordingly, we hold that the remand order meets the first and third exceptions articulated in *Blackwater* and is subject to our appellate review.

## B.

With that threshold question resolved, we turn to the propriety of the remand order itself. Specifically, we consider Defendant's argument that "[n]othing in the PLRA, the [*in forma pauperis*] statute, or the removal statutes defeats [the district court's subject matter] jurisdiction, and therefore, the district court had no authority to remand this action to state court." Appellants' Br. at 9.

The Supreme Court has stated that "[a]s a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The district courts have original jurisdiction under the federal question statutes over cases 'arising under the Constitution, laws, or treaties of

the United States.'" *Id.* (quoting 28 U.S.C. § 1331). This Court has likewise averred that "removal is appropriate if the face of the complaint raises a federal question." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005).

Here, there is no dispute that Plaintiff asserted federal constitutional claims against Defendants in his complaint. As such, Defendants' removal of the case to federal district court was appropriate. However, Plaintiff maintains that the order remanding the action to state court was likewise proper because it effectuates the legislative intent of the PLRA "to control the volume of prisoner lawsuits overburdening the resources of the federal courts." *Tolbert v. Stevenson*, 635 F.3d 646, 653 (4th Cir. 2011). Implicit in Plaintiff's argument seems to be the premise that the PLRA somehow strips a federal court of the subject matter jurisdiction to hear Plaintiff's case.

The "three strikes" provision of the PLRA states:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this [*in forma pauperis*] section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, a "three strikes" prisoner is not entirely precluded from federal court, but rather, to bring a civil action *in forma pauperis* in federal court, that prisoner must either pre-pay in full all filing fees or make a showing of imminent danger of serious physical injury. We find these requirements to be procedural, not jurisdictional, in nature. *See generally Brickwood Contractors, Inc. v. Datanet Eng'g,*

*Inc.*, 369 F.3d 385, 394 (4th Cir. 2004) (en banc) (discussing the difference between jurisdictional and procedural rules, noting that "a district court may have subject-matter jurisdiction over a case but yet lack the power to act on a particular claim made within that case," and defining a procedural rule as one that "does not delineate a class of cases that the district court is authorized to hear, but instead sets forth inflexible rules governing the circumstances" under which a court may hear and decide a claim).

Based upon a federal question, Defendants properly and timely removed Plaintiff's action to federal district court, which is vested with the subject matter jurisdiction to hear such claims. 28 U.S.C. §§ 1331, 1441. The PLRA did not operate to strip the district court of that jurisdiction, nor is there any other statutory or legal authority by which the district court could properly remand the action to state court, thereby depriving Defendants of their right to have the claims heard in federal court. *See Thermtron*, 423 U.S. at 351 ("[W]e are not convinced that Congress ever intended to extend carte blanche authority to the district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute.").

Accordingly, we reverse the remand order and reinstate Plaintiff's cause of action for further proceedings in the district court below.[3]

---

[3]We recognize that the district court will now again be faced with the precise dilemma it grappled with in its original order, to wit, whether Plaintiff's cause of action may be dismissed under the PLRA or whether it must be heard on the merits. Plaintiff argues that he did not "bring" the action in federal court, and Defendants paid the filing fee upon removal, suggesting that, aside from his status as a "three strikes" prisoner, the plain language of § 1915(g) is inapplicable to the situation presented here. That question, however, is not squarely before us here, and we properly leave it for the district court to determine in the first instance.

### III.

In conclusion, because we find that the district court's order was not based on a perceived lack of subject matter jurisdiction or on a procedural defect in the removal process, we conclude that the order to remand Plaintiff's complaint to state court is subject to appellate review. Upon such review, because Plaintiff asserted federal claims against Defendants, and the PLRA is not jurisdictional in nature, we find that the district court lacked the grounds to remand this case. Accordingly, we reverse the order to remand and reinstate Plaintiff's cause of action for further proceedings before the district court.

*REVERSED*