[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10273

_____

D. C. Docket No. 3:10-cv-00559-TJC-JRK

ORVEL WINSTON LLOYD,

Plaintiff-Appellee,

versus

CHARITY BENTON,
MRS. P.A. SMITH,
MS. ZUCKER, Chief Classification,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 11, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and RESTANI,* Judge.

_____

    *Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

DUBINA, Chief Judge:

Appellants Charity Benton, Patricia A. Smith, and Gail Zucker ("Appellants") appeal the district court's order remanding Appellee Orvel W. Lloyd's civil rights lawsuit to Florida state court. Appellants properly removed the case to the Middle District of Florida pursuant to 28 U.S.C. §§ 1441, 1446. Although the district court recognized Appellants' right to remove the action to federal court, the district court determined that allowing Lloyd to proceed in federal court would contravene the Prison Litigation Reform Act ("PLRA") which bars "three strikes" prisoner litigants like Lloyd from bringing civil suits in federal court as indigents. *See* 28 U.S.C. § 1915(g). After reviewing the district court's order and the parties' briefs, and having the benefit of oral argument, we vacate the district court's order and remand this case for further proceedings consistent with this opinion.

## I.

Lloyd, while in state custody and proceeding as an indigent, filed a pro se complaint against Appellants and other defendants in Florida state court requesting relief under 42 U.S.C. § 1983 for several alleged civil rights violations. Appellants properly removed the case from state court to the Middle District of Florida on the basis of federal question subject matter jurisdiction. *See* 28 U.S.C.

2

§§ 1331, 1441(a), 1446 (a)–(b). After taking judicial notice of Lloyd's status as a "three strikes" litigant under the PLRA, a magistrate judge directed the parties to file briefs addressing whether Lloyd should be permitted to circumvent § 1915(g) by filing removable federal claims in state court. Lloyd requested to remand the case to state court, while Appellants opposed remand and proposed that the district court order Lloyd to post a $350 bond which would serve as the equivalent of a filing fee.

After considering the parties' arguments, the district court entered an order remanding Lloyd's case to state court. The court concluded that among several unsatisfactory choices—dismissing the case, remanding the case to state court, or requiring Lloyd to post a bond—remanding the case was the result that "furthers the purposes of the PLRA and was most fair to all the parties." [R. 21 at 5.] The court's order further directed the Clerk to refund Appellants' filing fee for the notice of removal. Appellants timely appealed the remand order.

## II.

Usually, remand orders are not appealable. 28 U.S.C. § 1447(d). However, where a remand order is not based on a procedural defect or lack of subject matter jurisdiction, a party may appeal it. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12, 116 S. Ct. 1712, 1718 (1996). We review *de novo* a decision to

3

remand a case to state court. *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1161–62 (11th Cir. 2006).

## III.

Appellants argue that the district court erred in remanding Lloyd's case because removal was proper. They point out that the PLRA does not expressly or impliedly authorize a district court to remand a case under the instant circumstances. They posit that because the district court acted without a sufficient legal basis to overcome Appellants' right to remove the case, we must reverse the district court. We agree.[1]

The district court found § 1915(g) to conflict with Appellants' removal rights and prevented the removal of Lloyd's federal claims. Section 1915(g), which was added to the *in forma pauperis* statute upon the 1996 enactment of the PLRA, provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Although Lloyd opposed Appellants' position in his brief, at oral argument, he conceded that the district court erred in remanding his case to state court.

28 U.S.C.§ 1915(g). Congress added § 1915(g) "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). However, this provision of the PLRA does not deprive the district court of its jurisdiction granted by 28 U.S.C. §§ 1331, 1441(a).

The removal statute, 28 U.S.C. § 1441(a), provides that,

[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Supreme Court has held that district courts lack authority "to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S. Ct. 584, 593 (1976), *abrogated on other grounds by Quackenbush*, 517 U.S at 714–15, 116 S. Ct. at 1720. We also have held that a district court exceeds its authority when it remands a federal claim "on grounds not provided for in the controlling [removal] statute." *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996). Therefore, because the district court has original jurisdiction in this case pursuant to the federal question statute, 28 U.S.C. § 1331, the district court should have

5

"retain[ed] jurisdiction over the properly removed federal claim." *In re City of Mobile*, 75 F.3d at 608.

In vacating the district court's remand order, we join the Fourth Circuit which recently settled a nearly identical controversy. *See Lisenby v. Lear*, 674 F.3d 259 (4th Cir. 2012) (holding that remand of a "three strikes" prisoner's civil action to state court was improper because the district court had subject matter jurisdiction of the removed claims, and the district court lacked legal authority under the PLRA to deprive the defendants of a federal forum).[2]  The Fourth Circuit declined to determine whether the district court should dismiss the case or hear it on the merits upon remand. *Id.* at 263 n.3.  We likewise leave that question, as well as the issue of the cost of serving process upon additional defendants, for the district court.  Only the propriety of remanding the action to state court is before us in this appeal.

## IV.

Because we conclude that the district court had federal question jurisdiction and Appellants properly removed Lloyd's case to the Middle District of Florida, we hold that the district court lacked legal authority to remand the case to Florida

---

[2] The Middle District of Florida relied on the reasoning of the recently overturned district court in *Lisenby v. Lear*, No. 8:09-410-DCN-BHH, 2010 WL 758677 (D.S.C. Feb. 26, 2010).

state court. Accordingly, we vacate the district court's order remanding Lloyd's

civil action to state court and remand this case to the district court for further

proceedings consistent with this opinion.

VACATED and REMANDED.