Affirmed by published opinion. Senior Judge DAVIS wrote the majority opinion, in which Judge COGBURN joined. Judge FLOYD wrote a dissenting opinion.
DAVIS, Senior Circuit Judge:
The federal removal statute immunizes from review — appellate or otherwise — any order remanding to state court a case removed to federal court, with an exception for certain civil rights cases or suits against federal officers. 28 U.S.C. § 1447(d). In particular, the statute has been interpreted to “preclude review only of remands for lack of subject-matter jurisdiction and for defects in removal procedure.” Powerex Corp. v. Reliant Energy Services, Inc., 551 U.S. 224, 229, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007). The removing defendant in this case, the Colgate Palmolive Company, asks us to hold that the statute permits an exception to its prohibition: that a federal court may strike a remand order and retrieve a remanded case from its state cousin as a sanction against plaintiffs’ counsel for making misrepresentations to the federal court related to the existence of subject-matter jurisdiction. It invokes in support the district court’s inherent authority and Rules 11 and 60 of the Federal Rules of Civil Procedure.
We are unpersuaded. In the face of Congress’ explicit direction to federal courts that an order remanding a case for lack of subject-matter jurisdiction after it has been removed “is not reviewable on appeal or otherwise,” 28 U.S.C. § 1447(d), we reject Colgate’s collateral attack on the remand orders in this case and affirm the order of the district court insofar as it ruled that it lacked jurisdiction.
I.
Joyce Barlow and Clare Mosko separately sued Colgate and a variety of other companies in Maryland state court, asserting that each of the defendants’ products had at some point exposed them to asbestos. With respect to Colgate, the plaintiffs’ theory was that its “Cashmere Bouquet” line of powder makeup products contained unhealthy levels of asbestos and had thereby contributed to the plaintiffs’ health problems. Despite plaintiffs’ joinder of in-state defendants, Colgate removed the two cases to federal court on the basis of diversity of citizenship, asserting fraudulent joinder as to the in-state defendants, and alleging that the plaintiffs’ deposition testimony and interrogatory responses demonstrated that they did not intend to pursue a claim against any defendant other than Colgate, a citizen of Delaware and New York.
After removal, the plaintiffs’ lawyers moved to remand the cases to state court, arguing that they had viable claims against the nondiverse defendants. The district court agreed, finding that although only Colgate’s Cashmere Bouquet products had been identified by the plaintiffs as the source of their asbestos exposure, there was still more than a “glimmer of hope,” Hartley v. CSX Transportation, Inc., 187 F.3d 422, 426 (4th Cir.1999), that the plaintiffs could identify a basis to recover against the nondiverse defendants as discovery proceeded. J.A. 358, 368. The cases were remanded.
On remand, counsel for the plaintiffs asked the state court to consolidate the two cases because, among other reasons, “[a]ll [plaintiffs] allege exposure to asbestos-containing Cashmere Bouquet powder products only and do not allege exposure *441 to any other asbestos, asbestos-containing products or asbestos-containing dust in any other form.” J.A. 474 (emphasis added). Irritated by the change in tune, Colgate then promptly moved in the district court for vacatur of the remand order as a sanction. The district court denied the motion, stating that reconsideration of the remand order is prohibited by the removal statute and pertinent Circuit law. The district court stated further that it was “not convinced that counsel’s conduct is sanctionable” because the alleged misrepresentations were “attributable to different attorneys in markedly different litigation contexts.” J.A. 1108.
II.
On appeal, Colgate contends that it was error for the district court to rule that it did not have the authority to consider whether plaintiffs’ counsel committed misconduct and “whether such misconduct warrants relief from the Remand Orders.” App. Reply Br. 2. It asks that we reverse the district court’s order denying the motion for vacatur and remand the case with instructions that the remand orders be vacated. Colgate maintains that the district court had authority, pursuant to its inherent authority and Rules 11 and 60(b)(3) of the Federal Rules of Civil Procedure, to strike the remand orders as a sanction. We review questions of law de novo. Trans Energy, Inc. v. EQT Prod. Co., 743 F.3d 895, 900 (4th Cir.2014).
Fueled by a desire to cut off costly and prolonged jurisdictional litigation, Powerex, 551 U.S. at 238, 127 S.Ct. 2411, the federal removal statute generally prohibits review of orders remanding removed cases:
An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [cases against federal officers] or 1443 [certain civil rights cases] of this title shall be reviewable by appeal or otherwise.
28 U.S.C. § 1447(d) (emphasis added). Read in conjunction with 28 U.S.C. § 1447(c), the statute’s prohibition has been construed to preclude review of remands “colorably characterized” as for lack of subject-matter jurisdiction or defects in removal procedure. Powerex, 551 U.S. at 234, 229, 127 S.Ct. 2411. Courts may not review, for example, an order remanding a case for lack of diversity jurisdiction even in the face of evidence of fraudulent joinder, In re Lowe, 102 F.3d 731, 733-34 (4th Cir.1996), or an order remanding a case for lack of federal question jurisdiction after the district court has held that a federal statute did not completely preempt state law. In re Blackwater Security Consulting LLC, 460 F.3d 576, 585 (4th Cir.2006). The corollary to the statute’s prohibition is that courts may review remands when they are not based on a lack of subject-matter jurisdiction or a defect in removal procedure, such as when the review is of a decision collateral and severable from the remand order, or when the remand order is outside the district court’s authority. Lisenby v. Lear, 674 F.3d 259, 261 (4th Cir.2012).
Colgate frames the issue in this case as whether the statute permits appellate review of an order denying a request to strike a remand order as a sanction for counsel’s alleged misrepresentation regarding the existence of subject-matter jurisdiction. 28 U.S.C. § 1447(d). Put differently, Colgate, seeking to draw us into the merits (rather than the procedural correctness) of the district court’s order, asks us to hold that we may review a remand order, even though the case does not relate to the exceptions noted in 28 U.S.C. *442 § 1447(d), if the basis for review relates to a material misrepresentation made by counsel that induced the district court to remand the case. We decline Colgate’s invitation. Put simply, we discern no basis to infer that Congress intended to etch a litigation-integrity policing exception into its prohibition on the review of remand orders.
As an initial matter, no court has ever embraced the argument Colgate puts forward today, and for a simple reason: it is a long-standing principle that entry of an order remanding a case to state court divests the district court “of all jurisdiction in [the] case and precluded] it from entertaining any further proceedings of any character, including the defendants’ motion to vacate the original remand order.” Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir.1979) (emphasis added). In this context, it is manifest that the law favors finality so that jurisdictional litigation comes to an end and the parties can proceed to the merits and avoid unnecessary delay and expense. For Colgate to have returned to the district court to seek a sanction in the form of vacatur of the remand orders is, to put it simply, an anomaly in federal jurisdiction.
Colgate insists that counsel’s misrepresentation undermines the basis for the remand order, and it cites Rules 11 and 60(b)(3) of the Federal Rules of Civil Procedure and the case law describing the district court’s inherent authority as support for its argument that a district court may take some remedial action to sanction a lawyer for misconduct.* But there is nothing in the Federal Rules or the case law bearing on a federal court’s inherent authority that authorizes the retention of federal jurisdiction as a sanction. Nor could there be: while a defendant certainly has a right to a federal forum, it is something quite different to argue that a district judge should claw a case back into federal court as a remedy to deter future attorney misconduct or to remedy a perceived injury to the integrity of the litigation process. After all, a state court “operates with an eye to justice, just the same as that of the federal court,” and both equally offer Colgate a meaningful opportunity to vigorously litigate its defense on the merits. 20 Charles Alan Wright & Mary Kay Kane, Federal Practice and Procedure § 43 (2d ed.2011) (quoting Pabst v. Roxana Petroleum Co., 30 F.2d 953, 954 (S.D.Tex.1929)).
Colgate counters with a clever but ultimately misplaced argument: the federal statute prohibits “review” of remand orders, but a “request for vacatur as either a sanction or pursuant to Rule 60(b)(3) based on misrepresentations and misconduct does not seek ... ‘review[1] ” of a remand order. App. Br. 21. Review, argues Colgate, is “directed at the substance of what is being reviewed, not at matters collateral” to the merits of the remand order. App. Br. 21. Here, the issue is whether the district court should impose a sanction against plaintiffs’ counsel for allegedly misrepresenting their intent to pursue relief against nondiverse defendants; Colgate argues that its request is therefore unrelated to the merits of the *443 remand orders and is instead about something collateral to the remand orders, i.e., attorney misconduct.
Colgate’s proffered distinction suffers from three flaws. First, creating an attorney-misconduct exception to the prohibition on review of remand orders would be contrary to Congress’ intent, as evidenced by the text and underlying policy goals of the federal statute. The statute provides that “[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise,” 28 U.S.C. § 1447(d) (emphasis added); a phrase of such breadth clearly sweeps collateral challenges on remand orders within the statute’s prohibition. Our case law construing the text is even clearer: we have said, unequivocally, that “the district court has one shot, right or wrong,” to decide whether a removed case should be remanded. Lowe, 102 F.3d at 735 (alterations, quotations, and citations omitted).
Even more conclusive is that the policy underlying 28 U.S.C. § 1447(d)—to neutralize “prolonged litigation on threshold nonmeritorious questions” — weighs strongly against the argument that Congress intended to carve an attorney-misconduct exception into the federal statute. Powerex, 551 U.S. at 237, 127 S.Ct. 2411. The prohibition on reviewability of remand orders has been “a part of American jurisprudence for at least a century,” Lowe, 102 F.3d at 734, and we have said that the underlying policy is so potent that it mandates nonreviewability “even if the remand order is manifestly, inarguably erroneous.” Lisenby, 674 F.3d at 261 (citations and quotations omitted). The Supreme Court has acknowledged that the absolute nature of the prohibition creates “undesirable consequences” even in cases with significant countervailing federal interests. Powerex, 551 U.S. at 237, 127 S.Ct. 2411. The consequence of all of this is that it is difficult, if not impossible, for us to conclude that Congress intended implicitly for the rules against litigation misconduct to create an escape hatch within its robust statutory prohibition on the reviewability of remand orders.
Second, Colgate’s argument that it is not seeking “review” is simply incorrect because its request necessarily requires a merits review of the remand orders. Colgate’s argument boils down to the following: the plaintiffs’ fraudulent joinder was so deeply buried that they managed to deceive the district court into remanding, and now that we know the truth because of new evidence (the transcript of what plaintiffs’ counsel told the state court, post remand), the remand must be vacated as a sanction. The argument fails because it seeks to relitigate the merits of an issue already litigated: whether the plaintiffs fraudulently joined the nondiverse defendants, which was the issue the first-time around. Colgate had its chance to prove fraudulent joinder. It failed. It does not get a second try with an improved record.
Third, the cases cited by Colgate, in support of the proposition that its request for vacatur as a sanction is not “review” of a remand order, are easily distinguishable because they involved vacatur of remands based on rulings several steps removed from the core jurisdictional inquiry. In Aquamar v. Del Monte Fresh Produce, 179 F.3d 1279, 1285-89 (11th Cir.1999), the Eleventh Circuit reversed the district court’s dismissal of claims on the merits, ultimately requiring vacatur of the district court’s subsequent remand because the erroneous dismissal of the claims removed the nondiverse defendants; in Tramonte v. Chrysler Corp., 136 F.3d 1025, 1027-28 (5th Cir.1998), the Fifth Circuit held that an erroneous recusal decision that preceded the remand order required vacatur of *444 the remand order; and in Williams v. Beemiller, Inc., 527 F.3d 259, 264 (2d Cir. 2008), the Second Circuit assessed the “scope of authority of a magistrate judge,” a question not requiring review of the merits of the remand order. These cases involved rulings that preceded the remand orders and that were on issues of substantive law wholly unrelated to the merits of the remand. Wright & Kane, supra. Even assuming we agree with these out-of-Circuit cases, which we need not and do not decide, the case before us is different because Colgate’s contention attacks the district court’s analysis of the merits of the remand. That is, Colgate sought a reconsideration of the merits with a new (complete) record. And that is barred by statute.
The bottom line is that if Congress wanted to carve out an attorney-misconduct exception to the prohibition on review of remand orders, it would have done so: the text of the statute itself contains two such exceptions, 28 U.S.C. § 1447(d), and other statutes contain express exemptions for certain types of cases. E.g., Blackwater Security Consulting, 460 F.3d at 582-83 n.5 (discussing 25 U.S.C. § 355, which creates an exemption for certain cases involving land restrictions to the Five Civilized Tribes of Oklahoma). But in the absence of any express indication otherwise, “[w]e will not ignore a clear jurisdictional statute in reliance upon supposition of what Congress really wanted.” Powerex, 551 U.S. at 237, 127 S.Ct. 2411. We take the Supreme Court at its word in its instruction to us that “[a]ppellate courts must take [the § 1447(d)] prescription seriously.” Id. at 238, 127 S.Ct. 2411. Thus, because remand orders are not reviewable on appeal or otherwise, the district court correctly ruled that it lacked jurisdiction to revisit its remand orders; dressing up the request that it do so as a motion for sanctions does not alter the analysis or the result.
III.
For the reasons set forth, we DENY AS MOOT Colgate’s motion for expedited consideration and we affirm the order of the district court insofar as it ruled that it lacked jurisdiction.

AFFIRMED.

 Rule 11 specifically authorizes the imposition of sanctions for misrepresentations, but the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated,” Fed. R.Civ.P. 11(c)(4). Analogously, Rule 60(b)(3) provides that a court "may relieve a party” from an “order” for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party,” Fed.R.Civ.P. 60(b)(3). Furthermore, "the inherent power ... allows a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court,” Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

. I use "plaintiffs' counsel” to refer to both Barlow’s attorney and Mosko’s attorney because their attorneys are the same person, or at least hale from the same law firm. Although different attorneys from the Law Offices of Peter G. Angelos represented Barlow and Mosko at different stages of litigation (e.g., Jennifer Lilly signed Barlow's and Mosko’s respective motions for remand in federal court, but Thomas Kelly signed Barlow and Mosko's joint motion for severance of their cases from a first consolidated trial group and for consolidation of their cases into a second trial group with two different cases), Barlow and Mosko were at all times represented by the same person for the same or similar matters in their separate cases and were represented by the same person when matters were argued on their behalves together.