DAVIS, Senior Circuit Judge,
dissenting:
Every now and again, a case comes along that leaves the careful reader scratching her head in puzzlement. This is one of those cases. It could not be more clear that the author of the panel dissent, who now authors the majority for the en banc court, disagrees, and vigorously so, with the district court’s decision to remand this case to state court. That is not surprising; judges disagree all the time, and a good thing that. “What is surprising here is that the disagreement has led to this bizarre rehearing in which a subset of the judges in regular active service on this court feel constrained to order the district judge, in effect, to redo his “mid-term exam” on removal jurisprudence and sanctions law. District judges (including me, when I was a member of that hardworking guild) have long accepted the fact that appellate judges “ ‘grade [their] papers’ on appeal.” See Robert Bruce King, Robert C. Byrd and the Fourth Circuit Court of Appeals, 108 W. Va. L.Rev. 607, 609 (2006) (quoting the Honorable Joseph Robert Goodwin, United States District Judge for the Southern District of West Virginia). But the instant grading of papers takes that aphorism to new heights (or, if you will, a new low).
In the recurring, decades-old, ■ hand-to-hand combat which characterizes removal/remand litigation in federal district courts, this case does not stand out. Defendants (virtually) always want to be in federal court whenever they can because: (1) discovery practice is more orderly, predictable, and, generally, more expensive for plaintiffs; (2) summary judgment practice is more defendant-friendly;[1] and (3) juror selections from the available jury pools, generally drawn from the wider expanse of a federal district than the insular state judicial region from which they are drawn in state court, are more attractive to defendants. On the other hand, most plaintiffs in eases removed on the basis of *1016 diversity of citizenship (and, more importantly, plaintiffs’ counsel) prefer state court over federal court for the very obverse of the above-listed factors. (I am not revealing palace secrets here.)
Thus, it was strange to hear, at oral argument before the panel in this case, Colgate’s attorney repeatedly insist that Appellees’ counsel had engaged in “jurisdictional manipulation” (as if that were some kind of cardinal sin) in their efforts to persuade the district judge to remand the case through invocation of our longstanding “glimmer of hope” test. See Mayes v. Rapoport, 198 F.3d 457, 466 (4th Cir.1999). Colgate calls this customary aspect of removal/remand litigation “misconduct” within the meaning of Fed.R.Civ.P. 60(b)(3) because plaintiffs’ legal tactics took a different turn upon remand of the case to state court, where the “glimmer of hope” test could be ethically discarded given the changed legal landscape and in light of a client’s best interest. Nothing new here.
Back in federal court, Colgate filed a belated motion under Rule 60(b)(3) seeking to “vacate” (but, according to the majority, through a feat of linguistic jiu-jitsu, not “review”) the order of remand. The distinguished district judge, who will shortly mark his twenty-fifth anniversary on the federal trial bench (commenced after five years on the Maryland state trial bench), rejected Colgate’s attempts to slime the plaintiffs’ lawyers in these cases. He found there was no “misconduct” (to say nothing of “misrepresentation”), and he further found that, in any event, the sole relief sought by Colgate for counsel’s “misconduct,” restoration of federal jurisdiction, was beyond the court’s power to grant, citing, correctly in my view, 28 U.S.C. § 1447(d). See Ellenburg v. Spartan Motors. Chassis, Inc., 519 F.3d 192, 196 (4th Cir.2008) (“The important policy carried in [§ 1447(d) ] disfavors prolonged interruptions to litigation created by litigating which of two otherwise legitimate courts should resolve the disputes between the parties.”).
All agree that Rule 11 is the reddest of red herrings in this case. Ante at 1009, 1009-10 n. 8 (“As these cases demonstrate — and as we reiterate here — district courts have jurisdiction to decide Rule 11 sanctions motions on the merits, even when they are filed after the underlying action is remanded to state court”; “there is no basis in using Rule 11 as a means to vacate a remand order and to return a case to federal court.”). Unlike the majority, I have no doubt that the district court knew full well, after more than twenty years of service as a federal trial judge, it had post-remand authority to impose sanctions on ethically challenged attorneys under Rule 11. The contrary insinuation is flatly insulting to the district court.
Alas, although the panel dissent would have found as a matter of law that there was misconduct by Appellees’ counsel and that federal jurisdiction must be restored as a remedy for that misconduct,[2] the en *1017 banc court prudently and correctly refuses to go that far and instead, simply directs the district court to write a longer opinion. Ante at 1007-13.
To be sure, however, this is not all that the majority achieves. It is now the law of the Fourth Circuit that a Rule 60(b)(3) motion must be entertained by every district judge in the circuit in any remanded case, and the district judge is required to write a convincing opinion showing why “vacatur ” of the remand order is inappropriate. The majority rejects out-of-hand, as lacking thoughtfulness and serious attention by the rendering courts, the unpublished opinions of three of our sister circuits that have explicitly refused to carve out Rule 60(b) exceptions to the clear mandate of 28 U.S.C. § 1447(d). Ante at 1011-12 (dismissing from consideration Wachovia Mortg. FSB v. Marquez, 520 Fed.Appx. 783, 785 (11th Cir.2013) (per curiam); Ysais v. Ysais, 372 Fed.Appx. 843, 844 (10th Cir.2010); Lindo v. Westlake Dev. Co., 100 F.3d 963, 1996 WL 654413, at *1 (9th Cir.1996) (table)). This is a curious en banc critique, to say the least, for a circuit that has permitted two of its judges to vacate a twenty-four month sentence imposed by another distinguished district judge in ordering, instead, the imposition of a fifteen year sentence, on the basis of a non-argued, non-precedential, unpublished opinion of its own. See United States v. Foster, 674 F.3d 391, 402-03 (4th Cir.2012) (Davis, J., dissenting from the denial of rehearing en banc) (criticizing panel majority’s reliance on United States v. Shelton, 196 Fed.Appx. 220 (4th Cir.2006), in reversing factual finding of the district court).
Of more salience, none of the principal pillars of the majority’s handiwork in eviscerating § 1447(d) will bear the weight assigned to them. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), was a federal habeas case in which Justice Scalia cited dicta from a Second Circuit opinion to make the point that some Rule 60(b)(3) motions would not be considered successive petitions under 28 U.S.C. § 2254. See id. at 532 n. 5, 125 S.Ct. 2641 (citing Rodriguez v. Mitchell, 252 F.3d 191, 199 (2d Cir.2001)). This is a thin reed on which to countermand an unambiguous federal jurisdictional statute such as 28 U.S.C. § 1447(d).
Nor is Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279 (11th Cir.1999), of any genuine assistance to the majority. In that case, relying on City of Waco v. United Stales Fid. & Guar. Co., 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934), the court applied the well-recognized but limited exception to non-reviewability of remand orders called the “Waco doctrine”:
The Waco doctrine allows us to review district court orders that lead to, but are separate from, orders of remand and have a conclusive effect upon the ensuing state court action. See, e.g., Beauclerc Lakes Condominium Ass’n v. City of Jacksonville, 115 F.3d 934, 935 (11th Cir.1997) (reviewing dismissal of federal claim that led to remand); Armstrong v. Alabama Power Co., 667 F.2d 1385, 1387 (11th Cir.1982) (relying on Waco to review district court’s dismissal of United States as party prior to remand)____ Similarly, vacating a remand to give effect to a judgment on another matter is an “essentially ministerial task,” rather than a review. This circuit has held that a court of appeals may vacate an order of remand when necessary to give effect to its judgments. In Flohr v. Mackov *1018 jak, 84 F.3d 386, 392 (11th Cir.1996), this court reversed the district court’s denial of the defendant’s motion to substitute the United States as the party-defendant in a negligence action, a denial that led to remand to state court.
Aquamar S.A., 179 F.3d at 1286, 1289. Thus, Aquamar S.A. presented the extraordinary situation in which vacatur of the remand order was the sine qua non to the effectiveness of the Eleventh Circuit’s mandate.[3]
Here, in contrast, the majority’s elevation of Rule 60(b)(3), so that it trumps the statutory prohibition on review of remand orders, serves no other purpose than a needless decisional do-over by the district court. Simply put, vacatur contravenes the mandate of § 1447(d). I have little doubt that when it gets around to it (should any sister circuit blindly follow ours, an unlikely eventuality), the Supreme Court will reject such a blatant evasion of 28 U.S.C. § 1447(d).
Indeed, this case is a first-round draft choice for summary reversal should plaintiffs choose not to go back to the district court to achieve the preordained results of the do-over unwisely ordered by the majority and instead file a petition for certiorari.
Despite the district court’s abbreviated discourse on a matter that most federal judges would regard as obvious, I do not believe there is any reason to think the district court did not fully comprehend and appreciate sanctions jurisprudence; Judge Nickerson has encountered it many times. See, e.g., Watkins v. Trans Union LLC, No. WMN-10-838, 2010 WL 4919311 (D.Md. Nov. 29, 2010) (dismissing case as a sanction); Awah v. Board of Educ. of Baltimore Cnty., No. WMN-09-CV-1044, 2010 WL 9086039 (D.Md. June 10, 2010) (imposing monetary sanctions for discovery violations), aff'd, 408 Fed.Appx. 687 (4th Cir.2011); Greer v. Crown Title Corp., 216 F.Supp.2d 519 (D.Md.2002) (in removed case, denying plaintiffs motion for sanctions while granting motion for remand to state court).
Nor is there any reason to think that Judge Nickerson is unfamiliar with this Circuit’s abundant removal jurisprudence; to the contrary, he has lots of experience with it. See, e.g., Hammonds v. Baltimore Cnty. Bd. of Educ., No. WMN-11-3348, 2012 WL 787478 (D.Md. Mar. 8, 2012) (granting motion for remand); Schaftel v. Highpointe Bus. Trust, No. WMN-11-2879, 2012 WL 219511 (D.Md. Jan. 24, 2012) (denying motion to remand and allowing removing defendant to amend the Notice of Removal to correct deficient allegations therein); Henderson v. Jinny-Poot Props., Inc., No. WMN-11-2482, 2011 WL 6000554 (D.Md. Nov. 28, 2011) (granting motion to remand); Beltway Capital, LLC v. Mortg. Guar. Ins. Corp., No. WMN-11-376, 2011 WL 2066603 (D.Md. May 25, 2011) (denying motion for remand); Streeter v. SSOE Sys., No. WMN-09-CV-01022, 2009 WL 3211019 (D.Md. Sept. 29, 2009) (denying motion for remand); Hewett v. Tri-State Radiology, P.C., No. WMN-09-2017, 2009 WL 3048675 (D.Md. Sept. 17, 2009) (granting motion for remand).
The remand here is unwarranted on many levels, and represents an “inefficient use of scarce judicial resources,” indeed. Ellenburg v. Tom Johnson Camping Ctr., Inc., No. 8:06-cv-1606, 2006 WL 1576701, at *2 (D.S.C. May 31, 2006) (Floyd, J.), rev’d sub nom. Ellenburg v. Spartan Mo *1019 tors Chassis, Inc., 519 F.3d 192 (4th Cir.2008).
Accordingly, I respectfully dissent.

. Compare Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir.1987) ("Recent cases of the Supreme Court have made increasingly clear, however, the affirmative obligation of the trial judge to prevent 'factually unsupported claims and defenses’ from proceeding to trial.”), with Montgomery Cnty. Bd. of Educ. v. Horace Mann Ins. Co., 383 Md. 527, 860 A.2d 909, 915 (2004) (“[I]n Maryland, a trial court has some discretion to deny summary judgment even when it could grant that relief.... ”).

. See Barlow v. Colgate Palmolive Co., 750 F.3d 437, 462 (4th Cir.2014) (Floyd, J., dissenting), reh’g en banc granted:
Because the law is clear that remand does not deprive a court of jurisdiction to sanction a party pursuant to Rule 11, I would reverse the district court’s denial of Colgate’s Rule 11 motion. And because it would have been an abuse of discretion to not sanction plaintiffs and their counsel, I would sanction plaintiffs and their counsel as set forth above in Part III.A. Furthermore, because vacatur of the remand orders does not require “review” of the merits of those orders, I would reverse the district court’s denial of Colgate’s Rule 60(b)(3) motion for Accordingly, I lack of jurisdiction. And because I think that Colgate has met the criteria to obtain relief under Rule 60(b)(3) and that it would have *1017 been an abuse of discretion to not grant relief to Colgate, I would vacate the remand orders and remand the cases with instructions as set forth above in Part III.B.

. Tramonte v. Chrysler Corp., 136 F.3d 1025 (5th Cir.1998), in which the appellate court reviewed a district judge's pre-remand denial of a motion for recusal, fits the same description. respectfully dissent.