**Omawali Ashanti SHABAZZ, also known as Fred E. Dean, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Warden, et al., Defendants–Appellees.**

No. 00–6002.

United States Court of Appeals, Sixth Circuit.

June 12, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

Omawali Ashanti Shabazz, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 1, 1999, Shabazz filed a complaint against fourteen officials employed by the Tennessee Department of Corrections. Relying upon the First, Eighth, and Fourteenth Amendments, Shabazz alleged that the defendants denied him "a religious diet that conforms to the dictates of Al–Islam," subjected him to excessive and unnecessary use of force, denied him adequate medical care, and subjected him to unsanitary living conditions. Shabazz also asserted a number of state law tort claims against the defendants. Shabazz sought injunctive and monetary relief.

Along with his complaint, Shabazz submitted a motion to proceed in forma pauperis. On December 9, 1999, the district court ordered the clerk to file the complaint in forma pauperis and dismissed Shabazz's suit under 28 U.S.C. § 1915(g) because Shabazz had filed at least three previous civil actions that were dismissed as frivolous or for failure to state a claim. Shabazz's motion to alter or amend judgment was subsequently denied. Shabazz's amended motion to alter or amend judgment and supplemental motion to alter or amend judgment were also denied. Shabazz has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Shabazz's complaint. 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Shabazz does not dispute that he has had at least three previous suits dismissed as frivolous or for failure to state a claim for relief. In addition, Shabazz did not allege that he was under imminent danger of serious physical injury when he filed the instant complaint. Because Shabazz's complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint. However, the dismissal of Shabazz's complaint is modified to reflect that the dismissal is without prejudice to Shabazz's right to pursue his action upon payment of the full filing fee.

To the extent that Shabazz argues that § 1915(g) is unconstitutional, his arguments have already been considered and rejected by this court. *See Wilson v. Yaklich*, 148 F.3d 596, 604–05 (6th Cir.1998). Section 1915(g) does not violate the Equal Protection Clause, does not deny indigent prisoners access to the courts, and does not violate due process principles. *Id.*

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.