[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13650
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cv-01486-PGB-GJK


WILLIAM A. WHITE,

Plaintiff-Appellant,

versus

DENNIS LEMMA,
in his official capacity as Sheriff of Seminole
County, Florida,
JEFFREY K. GRANT,
DEBEVOISE & POULTON, PA,
UNITED STATES TREASURY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 27, 2020)

Before WILSON, HULL, and MARCUS, Circuit Judges.

WILSON, Circuit Judge:

The appellant William White is no stranger to the courts. A federal prisoner, White has long peppered federal and state officials with prison-related lawsuits. In fact, this lawsuit stems from one of those prior lawsuits. White alleges here that he once served time in state custody under an agreement between the Sheriff of Seminole County and the federal government. He later sued the Sheriff for various civil-rights claims arising out of his time in the Sheriff's custody (the prior suit). The Sheriff counterclaimed in the prior suit for the costs of White's imprisonment, and White responded with this action against the Sheriff, his counsel, and the United States Department of the Treasury (the current suit).

White's latest action alleges that the Sheriff and his counsel, through their counterclaim, unlawfully double billed the government for White's prison costs, that their counterclaim arose to actionable abuse of process, and that the United States Department of the Treasury must defend and indemnify him against the counterclaim under 18 U.S.C. § 4007. Yet, despite his litigation experience, he failed to pay the court filing fee for this lawsuit and did not move for leave to proceed in forma pauperis (IFP).[1]

---

[1] A grant of IFP status to a prisoner means that the prisoner need not pay the typical court filing fee at the start of the case. *See* 28 U.S.C. § 1915(a)(1).

The district court, on its own motion, dismissed White's complaint for two reasons.  First, the court determined, after screening the complaint under 28 U.S.C. § 1915A, that White's claims were frivolous, and that White failed to state a claim.  This dismissal was on the merits and with prejudice.  *See NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (holding that a dismissal for failure to state a claim is an adjudication on the merits with prejudice).

Second, the court noted that White had previously filed three prisoners'-rights cases that were dismissed as frivolous, malicious, or for failure to state a claim, and that he had failed to allege that he was under imminent danger of serious injury.  As a result, the district court held that White could not proceed IFP under 28 U.S.C. § 1915(g) (the three-strikes provision), and that his claims, under our precedent, must be dismissed.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  This dismissal, however, was without prejudice.  *See id.*

The question for us is whether the district court was right to dismiss White's case on the merits even though it determined that White had struck out under the three-strikes provision and had not paid the filing fee.  Because we conclude that the three-strikes provision is non-jurisdictional, and because White failed to state a claim, we hold that the court properly dismissed the case on its merits, and thus affirm.

**I.**

3

Congress enacted the Prison Litigation Reform Act (PLRA) to "curtail abusive prisoner litigation." *Id.* To that end, the PLRA contains procedural safeguards that prevent prisoners from misusing the legal system.

One of these safeguards is the early screening provision. *See* 28 U.S.C. § 1915A. This provision states that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is to identify cognizable claims, or dismiss the complaint or portions that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief. *Id.* § 1915A(b). A dismissal for failure to state a claim under the early screening provision is no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 215–16 (2007). It is on the merits and with prejudice. *See Hunt*, 891 F.2d at 1560.

Another measure is the three-strikes provision. This provision states that in "no event shall a prisoner bring [an action] under the [IFP] section" if the prisoner has filed three or more prisoner lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). We have construed this

language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began. *See Dupree*, 284 F.3d at 1236. Unlike a dismissal on the merits, though, this dismissal is without prejudice. *Id.*

Now for the question here: What happens when a prisoner strikes out under the three-strikes provision and fails to pay the filing fee, but also brings frivolous or unmeritorious claims that a court could dismiss with prejudice under the early screening provision? Must the court dismiss the case without prejudice out of hand, or can it opt to dismiss the case on the merits with prejudice instead? In short, we must decide if our rule requiring dismissal of a prisoner suit under Section 1915(g) is a jurisdictional rule, or a procedural one that a court can skip to dismiss on the merits.

We declined to answer this question in *Lloyd v. Benton*, 686 F.3d 1225, 1228 (11th Cir. 2012). But the plain text of the provision, coupled with our analysis in *Benton* and persuasive authority from other courts, convinces us that a court may dismiss a claim on the merits even when a prisoner has three strikes and fails to pay the filing fee.

To start, the Supreme Court has "cautioned, in recent decisions, against profligate use of the term jurisdictional." *Santiago-Lugo v. Warden*, 785 F.3d 467, 472 (11th Cir. 2015) (alteration accepted). We thus follow a simple rule in the

Eleventh Circuit: "[W]here Congress does not say there is a jurisdictional bar, there is none." *Id.* at 473. We do so because, often times, "it is easier to deny (not grant, of course, but deny)" relief to an abusively litigious prisoner on the merits. *See id.* at 475; *cf. Granberry v. Greer*, 481 U.S. 129, 131 (1987) ("[T]here are some cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion.").

So we start with the text. Section 1915(g) says that "[i]n no event shall a prisoner bring a civil action . . . under this section" if the prisoner has three or more strikes. This means that a prisoner with three strikes can't proceed under Section 1915's grant of IFP status, but it says nothing of a court's ability to hear the prisoner's case, nor does it bar a prisoner with three strikes from filing suit. *See Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) ("[S]ection 1915(g) does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status.").

In other words, a prisoner with three strikes under Section 1915(g) is no different than any other non-IFP prisoner. A three-strike prisoner thus faces the fate that any non-IFP prisoner faces when the prisoner fails to pay the filing fee up front: dismissal without prejudice. *See Dupree*, 284 F.3d at 1236. But nothing in the text of Section 1915(g) suggests that a court is without jurisdiction or authority to dismiss a three-strike prisoner's case on the merits and must instead dismiss a

6

baseless claim without prejudice for failure to pay the filing fee. Because Congress has not said there is a jurisdictional bar, "there is none." *Santiago–Lugo*, 785 F.3d at 473.

In fact, we already decided that this rule is non-jurisdictional in *Benton* (though in a different context).[2] There we reversed a district court's order remanding a prisoner's case to state court. The district court held that, since the prisoner had three strikes and couldn't cover court costs, the prisoner could not maintain his case in federal court under Section 1915(g) and thus remand was appropriate. We reversed, holding that Section 1915(g) did not deprive the federal court of jurisdiction. We then left it to the district court to decide whether to hear the case's merits or dismiss for failure to pay the filing fee. That court, on remand, dismissed the case not under Section 1915(g), but for abuse of the judicial process. *Lloyd v. Benton*, 2014 WL 897045, at *1 (M.D. Fla. Mar. 6, 2014).

Moving outside our circuit, most courts agree that "Section 1915(g) is not a jurisdictional limitation but merely requires the full prepayment of fees where the conditions of the statute are met." *Pigg v. F.B.I.*, 106 F.3d 1497, 1497 (10th Cir. 1997); *Isby v. Brown*, 856 F.3d 508, 520 (7th Cir. 2017); *Lisenby v. Lear*, 674 F.3d

---

[2] We've also described Section 1915(g) as procedural in a different context. *See Rivera*, 144 F.3d 725 ("[S]ection 1915(g) is purely procedural, [as] Congress in no way prescribed rules of decision to the judicial department of the government in cases pending before it." (alterations accepted) (internal quotation mark omitted)).

7

259, 263 (4th Cir. 2012); *see also Jackson v. Stinnett*, 102 F.3d 132, 136 (5th Cir. 1996) (holding that the PLRA's certification requirements are non-jurisdictional). In fact, the Seventh and Tenth Circuits have answered the question here, holding that a court can hear a three-strike prisoner's claim on the merits, even if the prisoner failed to pay the filing fee. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1309–10 (10th Cir. 2011) ("[W]e have long recognized that we retain discretion to ignore the three-strikes rule and reach the merits of an appeal."); *Isby*, 856 F.3d at 521. To our knowledge, no circuit has held otherwise in a published opinion.[3]

Further, although a non-IFP prisoner must pay the filing fee or face dismissal, *see Dupree*, 284 F.3d at 1236, our precedent also holds that the "timely payment of a filing fee" is not a "jurisdictional requisite." *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978)[4]; *see also Rodgers on Behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986) (noting that we have "expressly rejected the theory that timely payment of a filing fee is a jurisdictional

---

[3] A Sixth Circuit case could be read to suggest that Section 1915(g) is jurisdictional. *See Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001) (unpublished) (stating that because a prisoner's complaint satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint). But this statement appears to be dicta, as it was not essential to the court's affirmance of the district court's order dismissing the case under Section 1915(g). In any event, *Shabazz* did not analyze this issue, is unpublished, and is uncited by any circuit (including the Sixth Circuit) for that proposition.

[4] In *Bonner v. City of Prichard*, we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

requirement").[5]  So though the failure to qualify under the three-strikes provision and pay the filing fee warrants dismissal, that is a procedural dismissal, not a jurisdictional one.  *See Dupree*, 284 F.3d at 1236.  A court may therefore choose to dismiss a struck-out prisoner's case on the merits with prejudice, even if the prisoner failed to pay the filing fee.  *See Santiago-Lugo*, 785 F.3d at 475; *Greer*, 481 U.S. at 131.[6]

This interpretation tracks the policy driving the PLRA.  Again, "[t]he purpose of the PLRA is to curtail abusive prisoner litigation."  *Dupree*, 284 F.3d at 1236.  Were we to hold that the three-strikes provision is jurisdictional or works as an absolute procedural bar to our authority to dismiss on the merits, a court would have to dismiss a case without prejudice whenever a prisoner has more than three strikes and fails to pay the filing fee, no matter how frivolous the case.  That rule would bog down the courts with repeat litigation—precisely the opposite of the PLRA's aim.  We thus feel confident that neither *Dupree* nor the PLRA intended

---

[5] Circuits around the country have agreed with us on this point.  *See, e.g.*, *Casanova v. Dubois*, 304 F.3d 75, 80 (1st Cir. 2002) ("The advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit.").

[6] We note, however, that this is not a two-way street.  Though a court can dismiss a case on the merits even when the prisoner has three strikes and fails to pay the filing fee, the court cannot let a case proceed on those facts.  *See Dupree*, 284 F.3d at 1236.  As we held in *Dupree*, the court must dismiss those cases without prejudice.  *See id.*

that the three-strikes provision bar a court from dismissing a groundless claim on the merits.[7]

For these reasons, we hold that the PLRA's three-strike provision is non-jurisdictional. So though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead.

## II.

Having put that issue to bed, we make swift work of the three-strikes analysis and the merits. We review a district court's determination of qualifying strikes under the three-strikes provision de novo. *See Rivera*, 144 F.3d at 723. We do the same for a district court's sua sponte dismissal of a prisoner complaint for failure to state a claim under 28 U.S.C. § 1915A. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).[8]

---

[7] Our interpretation also tracks recent Supreme Court precedent holding that similar PLRA provisions are non-jurisdictional. *See Woodford v. Ngo*, 548 U.S. 81, 88–89, 101 (2006) (holding that "the PLRA exhaustion requirement is not jurisdictional," even though it states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted" (emphasis removed)).

[8] We also review a district court's sua sponte dismissal of a complaint as frivolous for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Though the district court seemed to dismiss White's claims both as frivolous and for failure to state a claim, we need not address which standard applies, because White's claims fail under even the heightened de novo standard.

10

At the gate, the district court was right to hold that White failed to qualify for IFP status since he has three qualifying prior dismissals and failed to allege that he was in danger of imminent harm. *See* 28 U.S.C § 1915(g). One of White's prior cases was dismissed for failure to state a claim, another was dismissed as frivolous, and a third was dismissed for failure to exhaust administrative remedies, which counts as a strike under our precedent. *Rivera*, 144 F.3d at 728–31. White also failed to allege facts showing that he was in any danger of imminent harm. So he struck out under Section 1915(g), leaving him ineligible for IFP status. And since White failed to pay the filing fee when he sued, the proper procedure was to dismiss the suit even if White had alleged meritorious claims. *See Dupree*, 284 F.3d at 1236.

The court was also right to dismiss the case on its merits after screening.[9] "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones*, 549 U.S. at 215. To survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[9] The district court seemed to construe some of White's claims as 42 U.S.C. § 1983 claims. As the complaint is not a model of clarity, this was a fair construction. But we think it better to analyze the complaint under the claims as White alleged them, and we exercise our authority to affirm the district court's decision on any grounds supported in the record. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

11

679 (2009).  The district court must accept the plaintiff's allegations as true but need not accept legal conclusions.  *Id.* at 678.

Starting with the False Claims Act (FCA) claim, the FCA permits private persons to sue any person who knowingly presents to an officer or employee of the United States a false claim for payment or approval or knowingly makes a false record or statement to get a false claim paid or approved by the government.  *United States ex rel. Clausen v. Lab. Corp. of Am., Inc*., 290 F.3d 1301, 1307 (11th Cir. 2002).  White did not allege that the defendants presented a false claim to an officer or employee of the United States; he alleged that they levied a counterclaim against White, a private citizen.  That does not qualify as a false claim under the FCA.  *See id.*

White's abuse-of-process claim also fails.  To state a claim for abuse of process under Florida law, a plaintiff must allege three elements: "(1) that the defendant made an illegal, improper, or perverted use of process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that, as a result of such action on the part of the defendant, the plaintiff suffered damage."  *S & I Invests. v. Payless Flea Market, Inc*., 36 So. 3d 909, 917 (Fla. 4th DCA 2010).  The plaintiff must prove that "the process was used for an immediate purpose other than that for which it was designed."  *Id.*  When "the process was used to accomplish the result for which it

12

was intended, *regardless of an incidental or concurrent motive of spite or ulterior purpose*, there is no abuse of process." *Id.* (internal quotation marks omitted).

There is no abuse of process here. Florida law allows the Sheriff to sue for White's costs of confinement. *See* Fla. Stat. § 960.297(1). White does not allege facts sufficient to show that the Sheriff and his counsel were doing anything besides seeking reimbursement for costs not covered by the United States. Nor does White allege enough facts to establish damages flowing from the counterclaim.

Finally, White is not entitled to defense and indemnification under Section 4007. That provision merely states that "expenses attendant upon the confinement of persons arrested or committed under the laws of the United States . . . shall be paid out of the Treasury of the United States in the manner provided by law." 18 U.S.C. § 4007. Nothing in this language provides a prisoner a right of action against the United States for indemnification and defense. *See United States v. Testan*, 424 U.S. 392, 400 (1976) (explaining that a statutory grant of a cause of action against the United States must be made with specificity).

For these reasons, the district court's judgment is **AFFIRMED**.

13