[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10550

Non-Argument Calendar

_____

JEREMY JOHN WELLS,

Plaintiff-Appellant,

*versus*

WARDEN,
CLIFFORD BROWN,
Unit Manager,
FNU FLUKER,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cv-00097-JRH-BKE

———————————

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Jeremy Wells, who is incarcerated in Georgia, appeals the district court's dismissal of his *pro se* lawsuit against prison officials under the so-called "three strikes rule" of the Prison Litigation Reform Act. Wells, who is now represented by counsel, argues that of the three cases deemed to be strikes, two were dismissed for failure to exhaust administrative remedies, a disposition that does not qualify as a strike under the Act. Because binding precedent forecloses Wells's argument, we affirm.

## I.

While incarcerated at the Augusta State Medical Prison, Wells allegedly was brutally beaten by gang members despite having warned prison officials of the potential for such an attack and his particular vulnerability to attack. Proceeding *pro se*, he filed a 42 U.S.C. § 1983 action against the prison's warden, as well as a unit manager and corrections officer, alleging that they were responsible for his injuries. Being indigent, Wells also filed a motion to proceed *in forma pauperis* ("IFP"). A magistrate judge rec-

ommended denying Wells's motion to proceed IFP under the "three strikes rule" of the Prison Litigation Reform Act ("PLRA") because two of his previous cases had been "dismissed for failure to exhaust administrative remedies," one had been dismissed for failure to state a claim, and Wells did not qualify for an exception to the three-strikes rule in the case of imminent danger to the prisoner. Doc. 18 at 3[1]; *see* 28 U.S.C. § 1915(g) (prohibiting a prisoner from proceeding IFP "if the prisoner has, on 3 or more prior occasions," had a lawsuit "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

Wells objected, arguing that only one of the three actions the magistrate judge cited was dismissed for one of the three statutory reasons listed in the PLRA—failure to state a claim. The other two, Wells argued, "were lost on grounds different from that which is considered a 'strike' by the standards la[id] out in the PLRA"—failure to exhaust administrative remedies. Doc. 20 at 1. The district court overruled Wells's objection and adopted the magistrate judge's recommendation. The court dismissed Wells's case. Wells now appeals.

## II.

On appeal, Wells renews his argument that two of the three cases the district court viewed as resulting in strikes did not

---

[1] "Doc." numbers refer to district court docket entries.

actually qualify as strikes under the PLRA. The dispositions he challenges were dismissals for failure to exhaust administrative remedies. Wells directs us to the text of the PLRA, which lists just three grounds for a strike: "dismiss[als] on the grounds that [an action] is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(g). Failure to exhaust administrative remedies, he argues, is neither expressly included among these grounds nor "equivalent to" an enumerated ground such that it should impliedly be included. Thus, Wells says, the cases he brought that were dismissed for failure to exhaust do not count as strikes under the PLRA, leaving him with only one qualifying strike and without the restrictions the statute imposes upon litigants with three.

Wells acknowledges that this Court has held that a complaint that "lacked any allegations of exhaustion of remedies" is "tantamount to one that fails to state a claim upon which relief may be granted" and therefore is a strike under the PLRA. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). He argues, though, that *Rivera* has been overruled by the Supreme Court's decision in *Jones v. Bock*, in which the Court held, as to the *sua sponte* dismissal provision in the PLRA, that exhaustion is an affirmative defense to be pled by defendants and plaintiffs are "not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. 199, 216 (2007). Wells observes that our Court has once reaffirmed *Rivera* since the Supreme Court decided *Jones*, *see White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020), but he ar-

gues that *White* also is "no longer good law" on account of *Jones*. Appellant Br. at 52.

Given *Jones*, Wells notes, other circuits have recognized that dismissal for failing to plead exhaustion cannot be a strike. In fact, Wells emphasizes, all other circuits to have addressed the issue—the Second, Third, Fourth, Seventh, Eighth, Tenth, and D.C. Circuits—have concluded that dismissal based on the failure to exhaust, in the absence of an enumerated ground, does not constitute a strike under the PLRA. *See Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999); *Ball v. Famiglio*, 726 F.3d 448, 459–60 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson,* 575 U.S. 532 (2015); *Green v. Young*, 454 F.3d 405, 408–09 (4th Cir. 2006); *Turley v. Gaetz*, 625 F.3d 1005, 1012–13 (7th Cir. 2010); *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007); *Strope v. Cummings*, 653 F.3d 1271, 1274 (10th Cir. 2011); *Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007); *see also Pointer v. Wilkinson*, 502 F.3d 369, 375 (6th Cir. 2007) (observing, in dicta, that where a complaint is dismissed in its entirety for failure to exhaust, the plaintiff would have a "compelling argument that a strike should not be assessed").

We review *de novo* a district court's dismissal of a case under the PLRA's three strikes rule. *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017). Under this Court's prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc.

*United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Under the rule, "there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent." *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016).

Even if *Rivera* alone would not bind us in light of *Jones*, *White* does. In *White*, decided after *Jones*, we stated broadly that a prior case that "was dismissed for failure to exhaust administrative remedies . . . counts as a [PLRA] strike under our precedent." *White*, 947 F.3d at 1379 (citing *Rivera*, 144 F.3d at 728–31). Despite circuit authority to the contrary, given *White*, we must conclude that dismissal for failure to exhaust qualifies as a strike under the PLRA. *See Fritts*, 841 F.3d at 942 (rejecting argument that the Supreme Court's decision in *Curtis Johnson v. United States* abrogated our precedent because a panel decision post-dating *Johnson* bound us irrespective of whether it correctly accounted for *Johnson*); *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at the time."). Applying this logic, we can find no error in the district court's conclusion that Wells had three PLRA strikes and that his instant case was due to be dismissed.

Because we remain bound by *White*, we affirm the judgment of the district court.

**AFFIRMED.**