[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12557

Non-Argument Calendar

_____

JOSHUA COLEMAN,

Plaintiff-Appellant,

*versus*

OFFICER MCGHEE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:20-cv-00199-HLM

_____

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Joshua Coleman, a state prisoner proceeding *pro se*, appeals the district court's order dismissing his amended 42 U.S.C. § 1983 complaint against a prison guard. Coleman argues that the district court erred by dismissing his complaint *sua sponte* under 28 U.S.C. § 1915A for failure to state a viable claim. After reviewing the record and reading Coleman's brief[1], we affirm the district court's order of dismissal.

## I.

We review *de novo* a district court's *sua sponte* order of dismissal under 28 U.S.C. § 1915A(b) for failure to state a viable claim. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). We review the district court's order of dismissal using the standards that apply under Federal Rule of Civil Procedure 12(b)(6). *White v. Lemma*, 947 F.3d 1373, 1376-77 (11th Cir. 2020) (stating that a dismissal for failure to state a claim under the early screening provision of [§ 1915A] is no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6)). We may affirm a district court's judgment on any basis supported by the record. *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1249 (11th Cir. 2015).

---

[1] Defendant-Appellee McGhee did not file an appellate brief.

"We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). If a district court's judgment is based on multiple, independent grounds, the appellant must show that every ground against him is incorrect to obtain a reversal. *Id.* at 680.

Section 1915A instructs the district court to review a prisoner's civil action seeking redress from a government official and requires the court to dismiss the complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a)-(b). Accepting the plaintiff's factual allegations as true, the complaint must state a claim to relief that is plausible on its face to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A plausible claim is one that allows a court to draw reasonable inferences that the defendant is liable for the claim. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). A district court may ignore conclusory allegations, unwarranted factual deductions, and legal conclusions masquerading as facts. *Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021) (quotation marks omitted).

*Pro se* pleadings are liberally construed and held to less stringent standards than those drafted by lawyers, but they must still suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) the defendant deprived him of a right secured under the United States Constitution or federal law; and (2) such deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). A prisoner can bring three types of claims under the Eighth Amendment: (1) specific conditions of confinement; (2) excessive use of force; or (3) deliberate indifference to a prisoner's serious medical needs. *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010). Underlying a conditions-of-confinement claim is the duty of prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care" and to "take reasonable measures to guarantee [their] safety." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) (quotation marks omitted). However, the Constitution does not require comfortable prisons, and restrictive or even harsh conditions are part of the penalty that criminal offenders face. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

A conditions-of-confinement claim has both objective and subjective components. *Id.* at 1289-91. The objective component requires that the plaintiff show that the condition is sufficiently serious to violate the Eighth Amendment, meaning it is extreme and poses an unreasonable risk of serious damage to his future health or safety. *Id.* at 1289. The subjective standard requires the plaintiff to show a prison official's deliberate indifference by demonstrating "that the official possessed knowledge both of the infirm condition

and of the means to cure that condition, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *LaMarca v. Turner*, 995 F.2d 1526, 1535-36 (11th Cir. 1993) (quotation marks omitted). "Mere knowledge of a substantial risk of serious harm, however, is insufficient to show deliberate indifference." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1583 (11th Cir. 1995). Thus, the plaintiff must show the government official, with knowledge of the substantial risk of serious harm, knowingly or recklessly "disregarded that risk by failing to take reasonable measures to abate it." *Id.* (quotation marks and brackets omitted). Finally, the plaintiff must show that the constitutional violation caused his injuries. *Chandler*, 379 F.3d at 1290 n.21.

Under the Eighth Amendment, an inmate is entitled to reasonably adequate food, meaning a well-balanced meal that contains sufficient nutritional value to preserve health. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation marks omitted). We look to the severity and duration of the condition to determine whether it is unconstitutional, noting that "*extreme* deprivations are required to make out a conditions-of-confinement claim." *Chandler*, 379 F.3d at 1298 (quotation marks omitted).

Prison officials also have an Eighth Amendment duty to protect prisoners from the violence of other prisoners. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1319-20 (11th Cir. 2016). These failure-to-protect claims are reviewed under the same standard as conditions-of-confinement claims. *See Mosley v. Zachery*,

966 F.3d 1265, 1270 (11th Cir. 2020).  However, constitutional liability for prison officials does not arise simply because an injury to one prisoner occurred at the hands of another.  *Id.* at 1276.  And a plaintiff must present more than "verbal taunts . . . [h]owever distressing" to allege an Eighth Amendment violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) (quotation marks omitted).  The Eighth Amendment only requires "reasonable safety," and this standard recognizes the "unenviable task of keeping dangerous men in safe custody under humane conditions."  *Farmer*, 511 U.S. at 844-45, 114 S. Ct. at 1983 (quotation marks omitted).

## III.

The record demonstrates that Coleman failed to allege facts sufficient to support a plausible Eighth Amendment claim against Officer McGhee for denying him meals on three separate occasions because he failed to allege that he suffered harm or any other consequences from this alleged deprivation.  His allegations thus failed to support a plausible finding that missing these meals was the type of extreme deprivation that posed an unreasonable risk of serious damage to his future health or safety.

Similarly, the record shows that Coleman failed to allege facts sufficient to support his failure-to-protect claim regarding the assault and robbery by four other inmates.  Coleman's allegation that Officer McGhee orchestrated the assault is implausible and speculative because he alleged a tenuous link between the four inmates who assaulted him and McGhee, he alleged that McGhee

wanted to harm him somewhere other than where the alleged assault occurred, and he alleged that the inmates had a separate motive for assaulting and robbing him that did not involve McGhee. All of this, combined with the almost three-month delay between McGhee's alleged threats and the alleged assault and robbery, failed to raise a right to relief for deliberate indifference above mere speculation.

Additionally, Coleman's arguments on appeal about other claims do not show that the district court erred by dismissing his complaint. The record shows that Coleman failed to plead sufficiently a claim regarding his lack of yard time because he did not connect McGhee to this deprivation in any way. Further, the district court did not err by failing to address claims against Warden Sprayberry because he is not a defendant to this suit. Finally, to the extent Coleman's amended complaint raised other claims that the district court failed to address, Coleman has abandoned them by failing to identify or brief them on appeal.

For the aforementioned reasons, we affirm the district court's order dismissing Coleman's 42 U.S.C. § 1983 complaint.

**AFFIRMED.**