[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 21-12414

Non-Argument Calendar

————————————

JOHHNY CLYDE BENJAMIN, JR.,

Plaintiff-Appellant,

*versus*

U.S. DEPARTMENT OF JUSTICE,
Civil Divison, Torts Branch,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-21847-KMM

————————————

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Johnny Clyde Benjamin, Jr., a federal prisoner proceeding *pro se*, appeals the *sua sponte* dismissal of a civil action seeking to set aside his prior criminal conviction and hold the United States liable under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA").

The underlying facts of Benjamin's conviction are detailed in this Court's decision affirming his conviction, *United States v. Benjamin* (*"Benjamin I"*), 958 F.3d 1124, 1132-33 (11th Cir.), *cert. denied*, 141 S. Ct. 561 (2020). Of relevance to this appeal, Benjamin in *Benjamin I*, argued, among other things, that the district court lacked subject matter jurisdiction over his criminal case. In affirming the conviction, this Court concluded that "the district court had subject matter jurisdiction over [Benjamin's] drug charges." *Id.* at 1133.

Benjamin then filed the present *pro se* civil suit asserting claims of abuse of process, interference with prospective economic advantage, false imprisonment, malicious prosecution, and emotional distress in connection with his criminal case.[1]

---

[1] We note that Benjamin also filed a motion to vacate, under 28 U.S.C. § 2255 and again raised, in part, a subject matter jurisdiction challenge concerning his criminal case. The district court denied this § 2255 motion on the merits.

The district court found that Benjamin's claims were based on *Bivens* and thus barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court further determined that Benjamin's wrongful federal conviction claim was not cognizable under the FTCA and also rejected his claim that his prior criminal convictions were improper because the district court in that case did not have subject matter jurisdiction. On appeal, Benjamin challenges the preceding determinations. We address each point in turn.

I.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim under § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The standards that govern dismissal under § 1915A are the same as dismissal under Fed. R. Civ. P. 12(b)(6). *See White v. Lemma*, 947 F.3d 1373, 1376-77 (11th Cir. 2020). To survive dismissal, a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that fails to state a claim upon which relief can be granted may be dismissed. Fed. R. Civ. P. 12(b)(6).

We construe a *pro se* litigant's pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Although *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, they must still suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Moreover, we will not consider arguments that are forfeited on appeal. *See United States v. Campbell*,

26 F.4th 860, 873 (11th Cir. 2022) (*en banc*). Specifically, any "issue that an appellant wants the Court to address should be specifically and clearly identified in the brief. . . . Otherwise, the issue . . . will be considered abandoned." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (internal quotation marks omitted).

In *Bivens*, the Supreme Court permitted suit against federal officers for deprivations of rights under the color of state law. *Bivens*, 403 U.S. at 395-97; *see Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (discussing that a *Bivens* action is "the federal analog" to a 42 U.S.C. § 1983 action). In *Heck*, however, the Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction(s) or sentence(s) had already been invalidated or called into question. *Heck*, 512 U.S. at 486-87. We have since applied *Heck* to *Bivens* actions. *See Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995).

The FTCA does not create a substantive cause of action against the United States, but rather provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. *See Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004). Under the FTCA, the United States is subject to liability in a tort action in the same manner, and to the same extent, that a private individual would be under the law of

the place where the tort occurred. *See* 28 U.S.C. § 1346(b)(1). Importantly, "unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001). Thus, claims involving federal law, such as federal tort claims, are not within the scope of the FTCA. *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986).

Here, we conclude that the district court properly dismissed Benjamin's complaint because (1) his claims were effectively made under *Bivens* and he forfeited any arguments against the application of *Heck* to such claims; (2) his challenge against his federal convictions was not cognizable under state law and was not actionable under the FTCA; and (3) his pleading was deficient because he failed to allege sufficient facts to support his claims. Accordingly, we affirm in this respect.

## II.

Next, Benjamin argues on appeal that the district court did not have subject matter jurisdiction in his criminal case because Congress had not criminalized the controlled substance analogue that he was charged with possessing (furanyl fentanyl) until after his criminal proceedings had begun. When appropriate, we review a question of subject matter jurisdiction *de novo*. *Greenberg v. Comm'r*, 10 F.4th 1136, 1155 (11th Cir. 2021).

As previously noted, however, Benjamin in *Benjamin I*, argued, among other things, that the district court lacked subject

matter jurisdiction over his criminal case and in affirming the conviction, this Court concluded that "the district court had subject matter jurisdiction over [Benjamin's] drug charges." *Id.* at 1133. Under the prior-panel-precedent rule, we are bound by published decisions of prior panels unless and until either the Supreme Court or we, while sitting *en banc*, overrule the prior decision to the point of abrogation. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015). Such a decision cannot be circumvented or ignored on the basis of arguments not made to or considered by a prior panel. *Id.* As such, Benjamin's arguments concerning the lack of subject matter jurisdiction in his criminal case are foreclosed by our prior decision in *Benjamin I*.[2] Accordingly, for the reasons stated, we affirm the district court's dismissal.

**AFFIRMED.**

---

[2] As a result of this conclusion, we deny Benjamin's motion filed with this Court "Challenging Subject Matter Jurisdiction Of Lower Courts."