[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13256

Non-Argument Calendar

_____

DOYLE L. HEARD,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,
et al.,

Defendants,

GOVERNOR OF FLORIDA,
SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,
MELINDA N. COONROD,
Commissioner Secretary,

2                    Opinion of the Court                    21-13256

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cv-00539-WS-MJF

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Doyle Heard appeals the district court's dismissal of his 42 U.S.C. § 1983 action against several Florida officials.  For the reasons explained below, we affirm in part and reverse in part with instructions to grant Heard leave to amend his complaint.

Heard was convicted of kidnapping and robbery in 1981 and is currently serving a 65-year sentence.  Over a year ago, he filed a complaint against three Florida officials under § 1983 seeking "release from unlawful restraint of liberty, monetary compensation and any punitive or other relief [the] court determines to be appropriate."[1]

_____

[1] All references to Heard's complaint are to his amended complaint filed in March 2021.  Heard originally filed a complaint in November 2020, but was given leave to amend solely so that he could resubmit his complaint using the standard form required by a local rule.

Because Doyle is a prisoner, his complaint was reviewed by the court in the screening process outlined by the Prison Litigation Reform Act.[2]   *See* 28 U.S.C. § 1915A(a).   A magistrate judge recommended that the district court dismiss Heard's complaint due to failure to state a claim upon which relief may be granted. *See id.* § 1915A(b)(1).  The magistrate judge explained that Heard had "use[d] a § 1983 action to challenge the fact or duration of his confinement," a practice forbidden by the Supreme Court. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotation omitted). And, the magistrate judge continued, Heard's claim for damages also failed because Heard did not show that his conviction or sentence was invalidated as required by the Supreme Court in *Heck v. Humphrey*. *See* 512 U.S. 477, 486–87 (1994).  The district court adopted the magistrate judge's report and recommendation in full and dismissed all of Heard's claims.

Heard now appeals on a number of grounds.  As an initial matter, Heard argues that the magistrate judge lacked authority to issue a report and recommendation on whether Heard's claims should be dismissed for failure to state a claim.  That is incorrect; magistrate judges are authorized by statute to submit reports and

---

[2] On appeal, Heard argues that he is not a "prisoner" for the purposes of § 1915A.  This argument is meritless.  Heard is currently incarcerated and convicted of violations of criminal law, placing him squarely within the statutory definition of "prisoner." *See* 28 U.S.C. § 1915A(c).

recommendations for the disposition of applications made by prisoners like Heard. *See* 28 U.S.C. § 636(b)(1)(B).

Heard next contends that the district court erred in adopting the magistrate judge's recommendation without conducting "independent findings." We review a district court's treatment of a magistrate judge's report and recommendation for abuse of discretion. *Stephens v. Tolbert*, 471 F.3d 1173, 1175 (11th Cir. 2006). We will not find such abuse where a district court has considered "the motion, the report and recommendation, the objections, and the relevant case law, statutes and federal rules." *Diaz v. United States,* 930 F.2d 832, 836 (11th Cir. 1991). And here, the district court explained that it had "considered the record in light of Plaintiff's objections" before adopting the magistrate judge's report and recommendation. That review was sufficient.

Turning to the complaint's substance, we review de novo a district court's sua sponte dismissal of a prisoner complaint for failure to state a claim under 28 U.S.C. § 1915A. *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020). The district court did not err in dismissing counts 2, 3, 4, 7, and 11 of Heard's complaint. Each of these counts is a direct challenge to the fact or duration of Heard's confinement, and each evidently seeks the remedy of "release from unlawful restraint of liberty." But as the magistrate judge correctly explained, such challenges may only be brought through habeas actions. *Wilkinson*, 544 U.S. at 78. Dismissal was thus proper as to these claims.

21-13256                Opinion of the Court                5

Heard's remaining claims—1, 5, 6, 8, 9, and 10—are a different matter. These claims allege an unconstitutional ex-post-facto application of the Prison Litigation Reform Act as to Heard (claim 1); violations of the Eight Amendment's Cruel and Unusual Punishments Clause (claims 5 and 10); deliberate indifference and fraud constituting violations of "state and federal legal precedents" (count 6); a violation of the Fourth Amendment's probable cause requirement (count 8); and violations of due process and double jeopardy rights under the Fifth and Sixth Amendments (count 9). Construed generously, Heard's complaint may be read to seek damages for any or all of these alleged violations.

The district court adopted the magistrate judge's recommendation that these claims be dismissed because Heard failed to show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. But this requirement only applies to claims seeking damages "for allegedly unconstitutional conviction or imprisonment" or for harm caused by actions that would invalidate a conviction or sentence. *Id.* at 486. Some of Heard's remaining claims may fall under this category, but without specific factual allegations, that is far from certain. As the complaint currently stands, we find that the district court erred in denying Heard's claims for damages based on *Heck*.

Of course, the same dearth of factual allegations that makes *Heck*'s application uncertain also renders Heard's complaint inadequate under Rule 8, which requires a "short and plain statement" of each claim for relief. Fed. R. Civ. P. 8(2). Though we hold pro se pleadings to a "less stringent standard," such pleadings still "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Florida Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Heard has so far failed to meet this standard. But because the report and recommendation adopted by the district court gave no reason beyond its erroneous reliance on *Heck* for dismissing Heard's damages claims, and because "a more carefully drafted complaint might state a claim," we conclude that Heard should be given a chance to amend his complaint. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted).

We therefore **AFFIRM** the district court's dismissal of claims 2, 3, 4, 7, and 11 in Heard's amended complaint; **REVERSE** the dismissal of claims 1, 5, 6, 8, 9, and 10; and **REMAND** with instructions to grant Heard leave to amend.